UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH STANSELL *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC) *et al.*,<br><br>    *Defendants*. | Misc. Action No. 10-471 (TJK) |

**MEMORANDUM OPINION**

Plaintiffs move for entry of turnover judgments directing garnishees American Express National Bank and Wells Fargo Bank, N.A. to turn over to them blocked assets in accounts belonging to Aero Continente S.A., an agency or instrumentality of the Revolutionary Armed Forces of Colombia. *See* ECF Nos. 48, 51. For the reasons explained below, the Court finds that the assets in each of the accounts are subject to execution under the Terrorism Risk Insurance Act of 2002 and relevant procedures under District of Columbia law, and will grant the motions.

**I.     Background**

Plaintiffs obtained a default judgment in June 2010 against the Revolutionary Armed Forces of Colombia ("FARC") and associated defendants under the Anti-Terrorism Act, 18 U.S.C. § 2331 *et seq.*, based on repeated acts of international terrorism between 2003 and 2008. *See* Default J., *Stansell v. Revolutionary Armed Forces of Colom. (FARC)*, No. 09-2308 (RAL-MAP), ECF No. 233 (M.D. Fla. June 15, 2010). Plaintiffs' judgment is in the amount of $318,030,000, *id.*, of which $298,030,624.78 remained uncollected when Plaintiffs filed the instant motions, *see* ECF No. 48 at 2; ECF No. 51 at 2.

Later in 2010, Plaintiffs brought this action to enforce the judgment against assets held by the FARC within the United States under Section 201(a) of the Terrorism Risk Insurance Act of 2002 (TRIA), Pub. L. No. 107-297, 116 Stat. 2322.  Section 201(a) provides that the "blocked assets" of a terrorist party or "any agency or instrumentality" of a terrorist party are "subject to execution or attachment in aid of execution" to satisfy a judgment against that terrorist party.

In February 2019, Plaintiffs entered into a Confidential Joint Prosecution & Sharing Agreement with the plaintiffs in *Pescatore et al. v. Pineda & FARC*, No. 1:08-cv-02245, which is currently stayed.  The *Pescatore* plaintiffs are also seeking to enforce a judgment against the FARC, and Plaintiffs provided the Court notice that "the Agreement resolves all current or future issues of competing judgment lien priority."  ECF No. 22 at 1; *Pescatore et al. v. Pineda & FARC*, No. 1:08-cv-02245 (TJK), ECF No. 73 at 1 (D.D.C. Feb. 4, 2019).

On August 26, 2019, the Court held that: (1) Aero Continente, S.A. ("Aero Continente"), qualifies as an agency or instrumentality of the FARC under the TRIA; (2) Aero Continente is a Specially Designated Narcotics Trafficker ("SDNTK") and its assets are blocked under the Foreign Narcotics Kingpin Designation Act ("Kingpin Act"), 21 U.S.C. § 1901 *et seq.*; and (3) those assets are therefore considered "blocked" for the TRIA's purposes.  *See* ECF No. 32.[1]  Accordingly, the Court granted Plaintiffs' motions and issued writs of attachment regarding the blocked Aero Continente assets held at Wells Fargo Bank, N.A. ("Wells Fargo"), and American Express National Bank ("AENB").  ECF Nos. 34, 37.

Plaintiffs now move for entry of turnover judgments directing garnishees AENB and Wells Fargo to turn over to them the total value of Aero Continente's accounts at their respective

---

[1] *Stansell v. Revolutionary Armed Forces of Colom. (FARC)*, 10-mc-471(TJK), 2019 WL 4040680 (D.D.C. Aug. 26, 2019).  The Court assumes familiarity with this prior Opinion and Order.

financial institutions. ECF Nos. 48, 51. Plaintiffs argue that because they have met the requirements for attachment in aid of execution under TRIA and complied with procedures under District of Columbia law for post-judgment attachment and execution, the Court may order AENB and Wells Fargo to turn over the blocked Aero Continente assets.[2]  *Id.*

## II.    Analysis

### A.    The TRIA Requirements

As referenced above, in its prior Opinion, the Court found that Plaintiffs satisfied the three elements required for execution or attachment in aid of execution under the TRIA. *See* ECF No. 32. In summary, because Aero Continente is an agency or instrumentality of the FARC, and it is an SDNTK, its blocked assets in the garnishees' possession are subject to execution under the TRIA.

### B.    Post-Judgment Attachment and Execution Procedures Under District of Columbia Law

A money judgment may be enforced by writ of execution, the procedure for which must "accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). In the District of Columbia, a court may issue an attachment either before, after, or at the same time as a writ of execution. D.C. Code § 16-542. The plaintiff, or judgment creditor, may seek a writ of attachment of the credits of a defendant, or judgment debtor, in the hands of a garnishee. D.C. Code §§ 16-544, 16-546. The writ of attachment may be served on the garnishee with interrogatories asking the garnishee "about any property of the defendant in his possession or

---

[2] Wells Fargo responded to Plaintiffs' Motion by requesting that any order specifically state that the Aero Continente funds held at Wells Fargo are SDNTK blocked assets which must be turned over to Plaintiffs under the TRIA, and that no license from the Department of the Treasury's Office of Foreign Assets Control ("OFAC") is required to do so. ECF No. 53 at 1.

charge, or indebtedness of his to the defendant" to which garnishee must file answers within ten days.  D.C. Code §§ 16-546, 16-552.

No later than three days after the service of the writ and interrogatories on the garnishee, the judgment creditor must mail to the judgment debtor "a copy of the writ and the Notice to Debtor of Non-Wage Garnishment and Exemptions."  D.C. Super. Ct. R. Civ. P. 69-I(h). "Service of the writ on the garnishee creates a valid lien in favor of the judgment creditor on the debtor's property held by the garnishee."  *Consumers United Ins. Co. v. Smith*, 644 A.2d 1328, 1352 (D.C. 1994).  The lien is not final, though, and to obtain the attached property, the judgment creditor must move for the entry of judgment against the garnishee.  *United States v. All Assets Held at Bank Julius Baer & Co.*, 772 F. Supp. 2d 191, 203 (D.D.C. 2011).  The judgment creditor must do so within four weeks of either the garnishee's response to the interrogatories served upon him or garnishee's failure to respond.  D.C. Super. Ct. R. Civ. P. 69-I(e).  If the garnishee admits to possessing credits of the judgment debtor in answer to interrogatories, then a judgment must be entered against him "for the amount of credits admitted or found, not exceeding the amount of the plaintiff's judgment, and costs, and execution shall be had thereon not to exceed the credits in his hands."  D.C. Code § 16-556.

Plaintiffs complied with this procedure and timely moved for execution.  On October 9, 2018, they sought writs of attachment for "credits," a category of property that is subject to attachment, of an agency or instrumentality of their judgment debtor.  *See* D.C. Code § 16-544; ECF Nos. 9, 32.  After the Court issued the writs, on September 12, 2019, Plaintiffs provided Aero Continente timely notice under District of Columbia Rule 69-I(h).  ECF No. 41.  And on September 16, 2019, Plaintiffs served the writs on AENB and Wells Fargo, along with interrogatories.  *See* D.C. Code § 16-546; ECF Nos. 46, 47, 49.

4

On October 1, 2019, AENB filed its answers to the interrogatories, disclosing that it possesses four Aero Continente accounts totaling $1,152,498.60. ECF No. 47. Wells Fargo did the same on October 11, 2019, inicating that it possesses five Aero Continente accounts containing $235,236.60. ECF No. 49. On October 11, 2019, Plaintiffs timely moved for judgment ordering turnover of the blocked assets held by AENB. ECF No. 48; *see* D.C. Super. Ct. R. Civ. P. 69-I(e). And a few days later, they followed suit regarding the blocked assets held by Wells Fargo. ECF No. 51; *see* D.C. Super. Ct. R. Civ. P. 69-I(e).

Accordingly, Plaintiffs are entitled to judgment against AENB and Wells Fargo for the amount of credits admitted but not exceeding the amount of the plaintiff's judgment, and costs, "and execution shall be had thereon not to exceed the credits in [their] hands." D.C. Code § 16-556. Plaintiffs still have $298,030,624.78 outstanding from their judgment against the FARC, far more than the credits in AENB and Wells Fargo's Aero Continente accounts, and therefore the judgment must be for the turnover of the entire value of those accounts. ECF No. 48 at 2.

C.   **Need for an OFAC License**

Finally, Plaintiffs need not obtain an OFAC license prior to execution of the assets under the TRIA. Typically, attaching assets that are blocked under a sanctions program—such as the Kingpin Act—requires obtaining a license from OFAC. But Section 201(a) of the TRIA expressly permits execution or attachment of such assets "[n]otwithstanding any other provision of law."[3] So when a plaintiff executes assets under the TRIA, she need not obtain such a license. *Rubin v. Islamic Republic of Iran*, 709 F.3d 49, 54 (1st Cir. 2013). Once this Court

---

[3] The only textual limit on this broad power is in subsection (b), which is irrelevant here because "it provides for discretionary presidential waivers, on an asset-by-asset basis, when the property is 'subject to the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations.'" *United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 621 (7th Cir. 2015) (internal citation omitted).

5

determined that "blocked assets [were] subject to the TRIA, those funds may be distributed without a license from OFAC." *Harrison v. Republic of Sudan*, 802 F.3d 399, 409 (2d Cir. 2015), *adhered to on denial of reh'g*, 838 F.3d 86 (2d Cir. 2016), *and rev'd and remanded*, 139 S. Ct. 1048, 203 L. Ed. 2d 433 (2019) (reversing due to insufficient service under the Foreign Sovereign Immunities Act); *see also Stansell v. Revolutionary Armed Forces of Colom. (FARC)*, No. 8:09-CV-2308-T-36AAS, 2019 WL 2537791, at *5 (M.D. Fla. June 20, 2019) (modifying Report and Recommendation "to reflect that Plaintiffs can execute their judgment on blocked assets under the Kingpin Act without an OFAC license.").

### III.  Conclusion

For the above reasons, the Court will grant Plaintiffs' Motions for Entry of TRIA Turnover Judgments, ECF Nos. 48, 51, relating to Aero Continente's assets held in accounts at AENB and Wells Fargo.  Separate orders will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 10, 2020